O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE LEE WARREN,<br><br>    Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 10-2868 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

There are two aspects to Disputed Issue No. 1: (a) plaintiff's alleged reaching limitations, and (b) plaintiff's alleged visual limitations. As to plaintiff's alleged reaching limitations, the Court notes that the ALJ stated that he was accepting "the most limiting aspects of both Dr. Kumar and Dr. Gwartz's assessments." (See AR

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

19.) However, the ALJ's inclusion in his residual functional capacity ("RFC") finding of a limitation to no more than occasional reaching overhead with either upper extremity (see AR 17) was not consistent with the opinions of both consultative examiners that plaintiff was precluded from any overhead reaching with his right arm. (See AR 377, 394.) Moreover, although the ALJ did include a limitation to no overhead reaching with the right arm in his second hypothetical to the vocational expert (see AR 66), he did not include in either his RFC finding or either of his hypotheticals to the vocational expert a limitation of no more than occasional reaching in all directions with both upper extremities. Yet, Dr. Gwartz had included such a limitation is his assessment of plaintiff's manipulative limitations. (See AR 394.) Because the ALJ's statement that he was accepting "the most limiting aspects of both Dr. Kumar and Dr. Gwartz's assessments" cannot be reconciled with the record and the ALJ failed to provide any reasons for his failure to accept the more restrictive reaching limitations assessed by the consultative examiners, the Court is unable to affirm that part of the ALJ's RFC finding.

As to plaintiff's alleged visual limitation, the Commissioner acknowledges that the ALJ misstated plaintiff's overall visual acuity as 20/60 instead of 20/80. (See Jt Stip at 10.) The Commissioner also acknowledges that 20/80 vision is comparable to only 60% visual acuity efficiency. (See id.) Although the Commissioner asserts, unsupported by any authority or citation to evidence in the record, that plaintiff's 20/80 vision "suggests nearsightedness," which in turn "suggests an ability to engage in near visual acuity without assistance" (see id.), in fact plaintiff testified at the first administrative hearing to also having difficulty with reading and being unable to read newspapers. (See AR 51-52.) On this record, the Court is unable to affirm the ALJ's Step Two determination that plaintiff did not suffer from a severe vision impairment. (See AR 18.) Rather, the Court finds that the ALJ failed in his duty to fully and fairly develop the record with respect to this issue. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("The ALJ has a special duty to fully and fairly develop the

2

record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel."). The ALJ should have sought clarification from Dr. Gwartz or another vision specialist.

With respect to Disputed Issue No. 2, for the reasons stated by plaintiff (see Jt Stip at 12-16, 22), the Court is unable to affirm the ALJ's adverse credibility determination. In the first place, in contravention of governing Ninth Circuit authority, the ALJ failed to specify which statements by plaintiff concerning "the intensity, persistence and limiting effects" of his symptoms were not credible and/or in what respect(s) plaintiff's statements were not credible. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). Second, the law is well established in this Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments that could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See, e.g., Smolen, 80 F.3d at 1281; Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Since the ALJ did not make an express finding of malingering here, but did expressly find that plaintiff's medically determinable impairments "could reasonably be expected to produce the alleged symptoms" (see AR 17), the issue before the Court is whether the ALJ provided reasons for his adverse credibility determination that satisfy the "clear and convincing" standard set forth above. Here, the ALJ did not purport to state "reasons" for his adverse credibility determination, but rather merely purported to make findings with respect to the six factors that Social Security Ruling 96-7p requires be considered. (See AR 19-20.) However, as plaintiff points out, the

3

ALJ's statement with respect to the first factor that plaintiff does not allege any loss of ability to perform his activities of daily living is a misstatement of plaintiff's testimony. (See AR 52-57.) Likewise, the ALJ's statement with respect to the second factor that the bulk of plaintiff's medical treatment notes concern the treatment of his hypertension is a misstatement of the record, which evidences extensive treatment for plaintiff's problems with his shoulder, back, leg, and eye. (See, e.g., AR 225-57, 263, 265, 281, 328, 361, 403-91.) The ALJ's statement with respect to the third factor that his RFC finding accommodates plaintiff's testimony that his pain was exacerbated by postural changes and heavy exertion does not support an adverse credibility determination, but rather seemingly evidences that the ALJ found plaintiff's testimony in this regard credible. The ALJ's statement with respect to the fourth factor about plaintiff's failure to pursue prescription pain medication also does not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony, given the plethora of evidence in the record that plaintiff sought pain management, including narcotic pain medication, for his back and leg pain, and for his shoulder pain before and after his surgeries. (See, e.g., AR 405-72, 476, 477, 486.) The ALJ's statement with respect to the fifth factor about the lack of an explanation for why the shoulder surgery had not yet been performed also is a misstatement of the record, which reflects that the delay was not attributable to plaintiff. (See AR 50; see also AR 486-87.) Finally, the ALJ's statement with respect to the sixth factor that there is no record of treatment for blackouts does not constitute a clear and convincing reason for rejecting plaintiff's subjective testimony concerning the intensity, persistence and limiting effects of the symptoms that the ALJ found plaintiff's medically determinable impairments could reasonably be expected to produce. As plaintiff points out, the ALJ did not ask him anything about blackouts at the hearing, and plaintiff did not complain about blackouts to either of the consultative examiners.

The Court therefore finds that the ALJ failed to provide reasons for his adverse credibility determination that satisfy the "clear and convincing" standard.

**CONCLUSION AND ORDER**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court has concluded that the record has not been fully developed with respect to the issue of plaintiff's alleged visual impairment. Moreover, with respect to Disputed Issue No. 1, plaintiff implicitly has conceded that a remand for further proceedings is required. (See Jt Stip at 5.) Thus, weighing in favor of a remand for further administrative proceedings here is the fact that this is not an instance where no useful purpose would be served by further administrative proceedings. Rather, additional administrative proceedings conceivably could remedy the defects in the ALJ's decision.

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004);

see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[2]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other subjective symptom testimony, but also to lay witnesses' improperly discredited testimony, and to improperly discredited opinions of a treating or examining physician. However, in Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[3]

DATED: March 1, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[2] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

[3] It is not the Court's intent to limit the scope of the remand.